

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 25, 1965

Representative W. S. Heatly
Chairman, Appropriations Committee
House of Representatives
Austin, Texas

Opinion No. C-448

Re: Constitutionality of
H. B. 545

Dear Mr. Heatly:

You have requested the opinion of this office as to the constitutionality of House Bill 545. This bill provides for the repeal of Sections 15a and 16, Article 6687b, Vernon's Civil Statutes, and the amendment of Section 15, Article 6687b, and Article 4413 (26), Vernon's Civil Statutes. Essentially, this bill provides for two things: (1) the abolition of the operator's and chauffer's license fund and the transfer of all monies therein to the general revenue fund; and (2) establishes as a public policy that the Department of Public Safety should be supported 90% drawn from the state highway fund and 10% from the general revenue fund of the State.

In considering the constitutionality of this proposed statute, we shall first examine the amendment of Section 15 of Article 6687b, Vernon's Civil Statutes. The amendement operates to abolish the operator's and chauffer's license fund and transfer all monies therein to the general revenue fund. Inasmuch as the operator's and chauffer's license fund was established by statute, it may be transferred or abolished by statute. Gulf Insurance Co. v. James, 143 Tex. 424, 185 S.W.2d 966 (1945).

Section 2 of H.B. 545 amends Article 4413 (26), Vernon's Civil Statutes, and reads as follows:

"Sec. 26.  FUNDS AND APPROPRIATIONS.  The legislature finds that a major portion of the operations of the Department of Public Safety are devoted to policing the public roads of the state, that these operations make a tangible and beneficial contribution to the supervision of traffic and safety on the roads, and that in view of that contribution it is fitting that a major portion of the money to support the Department of Public Safety be drawn from the state highway fund pursuant to the mandate of Section 7-a, Article VIII, Constitution of the State of Texas.  The legislature declares it to be the public policy of the state that 90 per cent of the money for operating the Department of Public Safety be appropriated from the state highway fund, and that 10 per cent of the money for operating the Department of Public Safety be appropriated from the general revenue fund of the State."

Section 7-a, Article VIII, Texas Constitution, reads in part as follows:

"Sec. 7-a.  Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; ..."

Based upon the express language of the Constitutional provision quoted, it is the opinion of this office that a Legislative determination that the Department of Public Safety operates in furtherance of the purposes for which the state highway fund was established, constitutes a valid basis for the appropriation of money to the Department from the state highway fund. See Attorney General's Opinion C-424 (1965).

We have been further requested to comment upon the legal force and effect of the following phrase from the proposed Section 26, quoted in full _supra_: "The legislature declares it to be the public policy of the state that 90 per cent ..." The first sentence of Section 26 of H.B. 545 states that the Legislature "finds that a major portion of the operations of the Department of Public Safety are devoted to policing the public roads of the State". The second and last sentence merely "declares it to be the public policy of the State that 90 per cent of the money for operating the Department of Public Safety be appropriated from the state highway fund". This declaration of policy is not a finding that 90 per cent of the funds necessary to operate said Department is expended in "policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads".

As the Constitution expressly provides that the highway fund "shall be used for the <u>sole purpose</u> of acquiring rights-of-way, constructing, maintaining and <u>policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads</u>", the Legislature would only be authorized to appropriate from the highway funds whatever amount is sufficient to cover the actual expenses for the policing of the roadways and in the administration thereof. It is clear from the constitutional provision in question that the highway fund can only be expended for the purposes therein enumerated. A declaration of public policy, although expressed in a general law, is not binding on the Legislature, in the event that the Legislature makes an appropriation, in pursuance thereof, that would result in highway funds being expended for purposes other than those purposes provided for in

Section 7a of Article VIII of the Texas Constitution. A mere declaration of public policy is invalid and not binding if it results in an unconstitutional expenditure of public funds.

## SUMMARY

The Legislature may lawfully find that a major portion of the operations of the Department of Public Safety are devoted to policing the public roads of the State and the Legislature may lawfully appropriate sufficient monies from the state highway fund for such purpose. A declaration of public policy that 90 per cent of the money for operating the Department of Public Safety be appropriated from the state highway fund, although expressed in a general law, is not binding on the Legislature, in the event that the Legislature makes an appropriation in pursuance thereof, that would result in highway funds being expended for purposes, other than for those purposes provided for in Section 7-a of Article VIII of the Texas Constitution.

Yours very truly,

WAGGONER CARR
Attorney General

By: *George W. Gray III*

George W. Gray, III
Assistant Attorney General

GWG:me

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

T. B. Wright
Bill Osborn
Jerry Brock
Arthur Sandlin
J. C. Davis

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone